FILED

OCT 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS ALCOR-LAROJ, | No. 09-71262 |
| Petitioner, | |
| v. | Agency No. A097-834-724 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Juan Carlos Alcor-Laroj, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, *see Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1007 (9th Cir. 2003), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *see Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Alcor-Laroj contends he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, young males who have been previously targeted by Guatemalan gangs, and based on his familial ties. Substantial evidence supports the agency's finding that the robbery by a suspected gang member was criminal in nature and not on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"). Substantial evidence also supports the agency's finding that Alcor-Laroj failed to establish that gang members killed his cousin on account of a protected ground and sought to harm him on account of his familial relationship with his cousin. *See INS v. Elias-Zacarias*, 502 U.S. 478,

483-84 (1992). Accordingly, we deny the petition as to Alcor-Laroj's asylum and withholding of removal claims.

Alcor-Laroj has not raised any challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Because Alcor-Laroj conceded service of his Notice to Appear, admitted the factual allegations therein, and conceded removability, we reject his due process contention. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068-69 (9th Cir. 2007) (no due process violation where no prejudice shown).

Finally, Alcor-Laroj's claim that the agency did not fully consider evidence of country conditions in Guatemala fails because he has not overcome the presumption that it reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**